UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAVASSEAIRE DYKES,

                Plaintiff,              Case No. 2:18-cv-11751
                                          District Judge Terrence G. Berg
v.                                    Magistrate Judge Anthony P. Patti

JOHN DOWNS, *et al.*,

                Defendants.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56(a) (ECF Nos. 23, 32)

**I.**    **RECOMMENDATION**:  The Court should **GRANT** Defendants' motions for summary judgment.  (ECF Nos. 23, 32.)

**II.**    **REPORT**

    **A.**    **Background**

        **1.**    **Factual Background**

Plaintiff Cavasseaire Dykes (#783091) is currently incarcerated at Gus Harrison Correctional Facility (ARF) in Adrian, Michigan.  (ECF No. 37; https://www.michigan.gov/corrections/, "Offender Search.")  On May 21, 2018, while incarcerated at Macomb Correctional Facility (MRF) in Lenox Township, Michigan, Plaintiff, proceeding *in pro per*, filed the instant lawsuit under 42 U.S.C. § 1983 in the United States District Court for the Western District of Michigan.

The case was transferred to this Court on June 4, 2018.  (ECF No. 1.)  Plaintiff raises multiple Eighth Amendment claims.  (ECF No. 1, ¶¶ 22-27.)

The underlying facts, as alleged, are as follows.  On March 2, 2016, while incarcerated at St. Louis Correctional Facility (SLF) in St. Louis, Michigan, Plaintiff submitted a CHJ-549 Health Care Request (or kite) to dental because his filling in tooth #4 fell out, resulting in extreme pain when eating or drinking.  (ECF No. 1, ¶¶ 3, 7.)  When he received no response, he submitted a second kite request on March 18, 2016, again complaining of pain in tooth #4 as well as pain in wisdom tooth #32.  (ECF no. 1, ¶ 8.)  On an unidentified date in March 2016, Plaintiff received a dental examination during which Defendant Ashley Flaugher, a dental assistant at SLF, took an x-ray of tooth #32, but "payed [sic] zero attention to the tooth that needed the filling replaced," because she said tooth #32 needed to be taken care of first.  (ECF No. 1, ¶ 9.)

Defendant John Downs, D.D.S., M.S., D.O. subsequently pulled Plaintiff's wisdom tooth #32 on April 6, 2016.  (ECF No. 1, ¶ 10.)  During the procedure, Plaintiff began feeling pain as if the medicine had worn off, but when he made Downs aware, Downs just said that the procedure was almost finished.  However, after the procedure, Plaintiff was in so much pain he had to sit in the chair for ten more minutes and could not think straight.  (ECF No. 1, ¶ 11.)  The pain has been constant since the surgery—Plaintiff's jaw hurts when he eats or yawns, the right

2

side of his tongue is still numb, and he cannot taste on the right side of his mouth. (ECF No. 1, ¶ 12.)

According to the operative pleading, on April 18, 2016, Plaintiff sent a kite informing Downs of his continued pain.[1]  Downs took x-rays and informed Plaintiff that he may have nerve damage, but stated that "prisoners should not expect much."  (ECF No. 1, ¶ 13.)  Accordingly, Plaintiff believes that Downs intentionally caused him nerve damage.  (ECF No. 1, ¶¶ 13-14.)  Plaintiff also reminded Downs that he still needed the filling replaced in tooth #4, but Downs then informed Plaintiff that the tooth could not be saved and would need to be pulled.  (ECF No. 1, ¶¶ 15-16.)  However, Plaintiff subsequently refused to allow Downs to extract the tooth because of the damage he suffered when Downs extracted tooth #32.  (ECF No. 1, ¶ 17.)

 On the basis of the above, Plaintiff alleges that Defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment when: (1) Downs intentionally damaged the nerves in his mouth; (2) Downs and Flaugher delayed providing a temporary filling in tooth #4, resulting in the inability to save the tooth; (3) Downs refused to provide him pain medication despite being informed that he lost the filling in tooth #4; (4) Downs refused to

---

[1] As will be discussed more fully below, Plaintiff was mistaken when he alleged that he received any further care from Downs following the extraction.  Any additional dental care he received was performed by a different dentist.

3

provide him pain medication after damaging Plaintiff's nerves during the extraction of tooth #32; (5) Downs refused to refer Plaintiff to a specialist who could repair the nerve damage to Plaintiff's mouth; and (6) Downs maliciously caused excessive nerve damage to Plaintiff's mouth, which should be considered cruel and unusual punishment.  (ECF No. 1, ¶¶ 22-27.)

### 2.    Instant Motions

On April 24, 2019, Flaugher filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(a), asserting entitlement to judgment as a matter of law because, as a dental assistant, treating patients with fillings is beyond the scope of her practice, and "[t]here is no genuine dispute of material fact that [she] was not deliberately indifferent because Plaintiff lacked a sufficiently serious medical need and that [she] lacked a sufficiently culpable state of mind."  (ECF No. 23, PageID.59-60.)  About six weeks later, Downs filed his own motion for summary judgment pursuant to Fed. R. Civ. P. 56(a) on June 7, 2019, arguing that Plaintiff failed to satisfy either the objective or subjective component of the deliberate indifference claim against him.  (ECF No. 32, PageID.158-160.)

### B.    Standards

### 1.    Rule 56 Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  A fact is material if it might affect the outcome of the case under governing

law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court

"views the evidence, all facts, and any inferences that may be drawn from the facts

in the light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt.

Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of

material fact exists . . . ."  *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486

(6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing

that if a party "fails to properly address another party's assertion of fact," the court

may "consider the fact undisputed for purposes of the motion").  "Once the moving

party satisfies its burden, 'the burden shifts to the nonmoving party to set forth

specific facts showing a triable issue.'"  *Wrench LLC v. Taco Bell Corp.*, 256 F.3d

446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio

Corp.*, 475 U.S. 574, 587 (1986)).  The nonmoving party "must make an

affirmative showing with proper evidence in order to defeat the motion."

*Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro.

Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The

nonmovant must . . . do more than simply show that there is some metaphysical

doubt as to the material facts[.] . . .  [T]here must be evidence upon which a

reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted).  In other words, summary judgment is appropriate when the motion "is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case . . . ."  *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The fact that Plaintiff is *pro se* does not reduce his obligations under Rule 56.  Rather, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law."  *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006).  In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'"  *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).  The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion."  *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming

grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion").

### 2.     Eighth Amendment Deliberate Indifference

"The Eighth Amendment's prohibition on cruel and unusual punishment generally provides the basis to assert a § 1983 claim of deliberate indifference to serious medical needs . . . ." *Phillips v. Roane City, Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008). Such a claim requires a showing of both objective and subjective components. *Id.*

### a.     Objective Component

"The objective component requires a plaintiff to show the existence of a 'sufficiently serious' medical need." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "[T]his Court has held that a medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Richmond v. Huq*, 885 F.3d 928, 938 (6th Cir. 2018) (quotation marks and citations omitted). "Dental needs have been recognized as falling into the category of 'serious medical needs' inasmuch as courts have observed that '[d]ental care is one of the most important needs of inmates.'" *McCarthy v. Maitland Place, D.D.S.*, 313 F. App'x 810, 814 (6th Cir. 2008). However, not every dental issue amounts to a serious medical need. *Id.* "Rather,

7

'[a] cognizable claim regarding inadequate dental care, like one involving medical care, can be based on various factors, such as the pain suffered by the plaintiff, the deterioration of the teeth due to a lack of treatment, or the inability to engage in normal activities.'" *Id.* (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)).

### b.   Subjective Component

> The subjective component requires a showing that the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety. [T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  An express intent to inflict unnecessary pain is not required.  Rather, obduracy and wantonness are required to make a showing of deliberate indifference.  [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Richmond*, 885 F.3d at 939 (internal quotation marks and citations omitted; alterations in original).

The Sixth Circuit has instructed that "[w]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).  "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in tort law." *Id.*  In other words, "[a] doctor

8

is not liable under the Eighth Amendment if he or she provides reasonable

treatment, even if the outcome of the treatment is insufficient or even harmful."

*Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018).  However, "in some cases

the medical attention rendered may be so woefully inadequate as to amount to no

treatment at all."  *Westlake*, 537 F.2d at 860 n.5; *see also White v. Corr. Med. Serv.

*Inc.*, 94 F. App'x 262, 264 (6th Cir. 2004) ("Although White did not receive the

care he wanted, the conduct he alleged did not constitute a deliberate indifference

to his medical needs.").  "Indeed, deliberate indifference may be established in

cases where it can be shown that a defendant rendered 'grossly inadequate care' or

made a 'decision to take an easier but less efficacious course of treatment.'"

*McCarthy*, 313 F. App'x at 814.

> **C.    Discussion**

> > **1.    Defendant Flaugher is entitled to summary judgment**

Plaintiff's only claim against Flaugher is that she acted with deliberate

indifference to his serious medical need in violation of the Eighth Amendment, by

delaying treatment for tooth #4, which resulted in an inability to save the tooth.

(ECF No. 1, ¶ 23.)  Specifically, he alleges that he submitted two kites in March

2016 complaining of pain in tooth #4 as the result of a missing filling, but that

when examined by Flaugher that same month, she only took an x-ray of tooth #32

and "payed [sic] zero attention to the tooth that needed the filling replaced."  (ECF

No. 1, ¶¶ 3, 7-9.)  Ultimately, in April 2016, Plaintiff was informed that tooth #4 could not be saved.  (ECF No. 1, ¶¶ 13-17.)

In her summary judgment brief, supported by her affidavit, Flaugher clarifies that, contrary to the allegations in Plaintiff's complaint, it was Dr. James Melson, not Downs, who examined Plaintiff's tooth #4 on March 28, 2016, and who recommended extraction of that tooth on April 25, 2016.  (ECF No. 23, PageID.66-68; ECF No. 23-5, PageID.105, ¶ 11.)  On the basis of these facts, she argues that she did not act with deliberate indifference and is entitled to summary judgment of Plaintiff's claim against her because: (1) Plaintiff failed to satisfy the objective component of a deliberate indifference claim by demonstrating that the missing filling in tooth #4 was a sufficiently serious medical condition on March 28, 2016, and (2) Plaintiff also failed to satisfy the subjective component of a deliberate indifference claim as Dr. Melson was the individual who examined this tooth on March 28, 2016, and determined that treatment was not urgent, and it is beyond the scope of her duties as a dental assistant to diagnose or treat a patient with a temporary filling.  (ECF No. 23, PageID74-76; ECF No. 23-5, PageID.104, ¶¶ 4, 7; ECF No. 29, PageID.132-134.)  I agree.  Viewing the evidence in a light most favorable to Plaintiff – even if the objective component of a serious medical is accepted *arguendo* – Plaintiff has failed to demonstrate a genuine issue of

material fact that Flaugher acted with deliberate indifference by delaying treatment to tooth #4.

In support of her arguments, Flaugher presents Plaintiff's Electronic Dental Record Summary, which indicates that: (1) Flaugher received an urgent kite from Plaintiff on March 21, 2016 for dental care, in response to which she scheduled an appointment with Dr. Melson that same day; (2) Dr. Melson determined on both March 21, 2016, and March 28, 2016, that Plaintiff was not eligible for routine dental services per MDOC Policy Directive 04.06.150; and (3) after examining Plaintiff on April 25, 2016, Dr. Melson diagnosed tooth #4 with a periapical abscess and recommended extraction, which Plaintiff refused on May 9, 2016 (ECF No. 23-2, PageID.82-86; *see also* Fraugher Affidavit, ECF No. 23-5, PageID.104-105, ¶¶ 6-13.) Further, Fraugher submits MDOC Policy Directive 04.06.150,[2] which provides that offenders are eligible for routine dental services, including limited diagnostic, restorative, periodontal, prosthetic, and non-urgent oral surgical procedures as determined by a *dentist*, after 24 months from the first

---

[2] Flaugher provided the version of MDOC Policy Directive 04.06.150 effective May 1, 2018 and, thus, not in effect when Dr. Melson examined Plaintiff's tooth #4 in 2016. However, Plaintiff does not dispute that the version of the policy in effect during the relevant time period had the same limitations, and Dr. Melson's notes in Plaintiff's Electronic Dental Record Summary serve as confirmation. He stated that Plaintiff was not eligible for routine dental services "per MDOC PD 04.06.150, not meeting the two year eligibility requirement." (ECF No. 23-2, PageID.82-83.)

11

day of intake (ECF No. 23-4, ¶¶ C, M), an affidavit in which she describes that her duties as a dental assistant include scheduling care as needed, taking x-rays, and triaging kites, but not diagnosing or treating dental conditions (ECF No. 23-5, PageID.104), and a copy of the Michigan Department of Licensing and Regulatory Affairs Rule 338.11402, which prohibits a dentist from delegating to a dental assistant diagnostic duties (ECF No. 23-7).

From this record, the Court should conclude that Flaugher satisfied her burden of proving a lack of factual dispute with respect to the subjective component of deliberate indifference—that she knew of and disregarded Plaintiff's serious medical need.  *See Richmond*, 885 F.3d at 939.  Flaugher demonstrated that she performed her appropriate job duties by responding to Plaintiff's kites and taking x-rays, while Dr. Melson, the dentist providing treatment, examined tooth #4 and determined that the initial course of treatment constituted routine dental care for which Plaintiff could not yet receive services per MDOC Policy Directive 04.06.150.  *See Vance v. Prison Health Serv.*, No. 2:10-cv-217, 2011 WL 4346507, at *5 (W.D. Mich. Sept. 15, 2011) ("Plaintiff has not set forth specific facts to show that [the dental assistant defendants] were responsible for evaluating his dental problems or were the cause of any delay for his dental care.  The record establishes that when plaintiff made requests for dental care defendants . . . placed plaintiff on call-out for evaluation by a dentist."); *Little v. McDonald*, No. 2:06-cv-

195, 2007 WL 2728658, at *3 (W.D. Mich. Sept. 17, 2007) (holding that the dental assistant defendant was entitled to summary judgment because "[t]he responsibility for adequacy of treatment lies with the treating physician, not with administrative staff"). And in response, Plaintiff filed a declaration under 28 U.S.C. § 1746, in which he simply repeats the allegations in his verified complaint, cites no law in support of his arguments and presents no evidence: that Flaugher was in fact responsible for diagnosing or providing treatment on tooth #4 and failed to do so in violation of the Eighth Amendment; that his condition at the time was sufficiently serious to constitute a serious medical need; or, that a substantial risk was known to Flaugher and disregarded. Accordingly, Plaintiff fails to demonstrate any genuine factual dispute with regard to deliberate indifference, and the Court should conclude that Flaugher is entitled to summary judgment of Plaintiff's claim against her.[3]

## 2.    Defendant Downs is entitled to summary judgment

In his declaration in opposition to Downs's motion for summary judgment, Plaintiff acknowledges that he mistook Downs for Dr. Melson when he drafted his complaint, and "moves this Honorable Court to exclude Defendant Downs from

---

[3] In his declaration in opposition to Flaugher's motion for summary judgment, Plaintiff asserts that Flaugher "also assisted Dr. Downs on 4-6-16 in maliciously and sadistically extracting tooth #32 causing the Plaintiff nerve damage" (ECF No. 26, PageID.113), but he did not make this allegation in his complaint.

paragraphs 4, 13, 15, 16, 17, 18, 19, 20, 23, 24, 25, and 26 of the allegations" (ECF No. 35, PageID.211), all of which relate to care he received for tooth #4, and treatment for tooth #32 following the extraction (ECF No. 1).  As Downs states in his summary judgment brief, he performed Plaintiff's extraction, but had no subsequent involvement in Plaintiff's dental care.  (ECF No. 32, PageID.158-160.)  Accordingly, Plaintiff's remaining claims against Downs are that he acted with deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment by intentionally damaging Plaintiff's nerves during the extraction of tooth #32, and that he also maliciously and sadistically caused that nerve damage in violation of the Eighth Amendment's prohibition of cruel and unusual punishment.  (ECF No. 1, ¶¶ 22, 27.)[4]  Specifically, he alleges that during the extraction of the wisdom tooth on April 6, 2016, he made Downs aware that he felt pain as the medicine was wearing off, to which Downs responded that the procedure was almost finished, and that he was in significant pain immediately following.  (ECF No. 1, ¶¶ 10-11.)  Further, he asserts that he is certain he suffered nerve damage because he has been in constant pain since the procedure, the right side of his tongue is still numb, and he has no taste at all on the right side of his mouth.  (ECF No. 1, ¶¶ 12, 14.)

---

[4] These appear to be the same claim, but Plaintiff states each as a separate claim in his complaint.  (ECF No. 1, ¶¶ 22, 27.)

In his summary judgment and reply briefs, as supported by his affidavit, Downs argues that Plaintiff failed to establish either component of deliberate indifference, as he only performed the extraction, providing no follow-up care, there were no complications during the procedure, and he was not informed of any post-surgical pain or other problems.  (ECF No. 32, PageID.155, 158-160; ECF No. 36, PageID.217.)  As support for his assertions, Downs has produced, under seal, a number of Plaintiff's dental documents demonstrating that Plaintiff signed a release for the extraction of tooth #32, which contained information about potential complications, that Downs performed the extraction on April 6, 2016, that Plaintiff submitted a kite on April 18, 2016, complaining of jaw pain and tongue numbness, and that *Dr. Melson* prescribed Plaintiff penicillin and ibuprofen on April 20, 2016. (ECF No. 32-1, PageID.163-168.)  He also presents an affidavit in which he states that he performed the extraction of Plaintiff's tooth #32 on April 6, 2016, there were no complications during the procedure, he "was not informed of any pain or other problems that Mr. Dykes had following the procedure[,]" and he had no further involvement in Plaintiff's medical care.  (ECF No. 32-2, PageID.174-175, ¶¶ 2-4.)

Although Plaintiff has offered competing statements, in both his complaint and declaration in opposition to Downs's motion for summary judgment, including that Downs extracted tooth #32 recklessly and got aggravated and angry during the

procedure, and that he suffered from complications during and after the procedure (ECF No. 35, PageID.212), these statements alone fail to demonstrate a genuine issue of material fact with regard to the subjective component of deliberate indifference.[5]   Rather, these statements establish nothing more than the possibility that Plaintiff suffered complications inherent in such a procedure, for which Plaintiff had been warned in the release he signed, or that Downs performed the extraction negligently, neither of which prove that Downs knew of and disregarded Plaintiff's serious medical need.  *See Rhinehart*, 894 F.3d at 738 ("A doctor is not liable under the Eighth Amendment if he or she provides reasonable treatment, even if the outcome of the treatment is insufficient or even harmful."); *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (When "a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.") (quotation marks and citation omitted).  Accordingly, the Court should conclude that Downs is entitled to summary judgment.

### D.    Conclusion

---

[5] Plaintiff did not attach any evidence to his supporting declaration, and the only document attached to his complaint is his March 18, 2016 dental care request. (ECF No. 35, PageID.213; ECF No. 1-1.)

16

The Court should **GRANT** Defendants' motions for summary judgment. (ECF Nos. 23, 32.)

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections,

17

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  December 20, 2019          s/*Anthony P. Patti*
                                   Anthony P. Patti
                                   UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: December 20, 2019          s/ Leanne Hosking
                                  Case Manager